CIACCIO, Judge.
Defendant, Bradley LaBrosse, Jr., was charged by bill of information on October 31, 1984 with attempted second degree murder, violations of La.R.S. 14:27 and 14:30.1. He was arraigned on December 10, 1984 and pled not guilty. Following a three-day trial, a jury found defendant guilty of attempted manslaughter. He was sentenced to five years at hard labor, suspended, and was placed on probation.
Defendant appeals based on a single assignment of error: the trial court erred in allowing the State to call MacArthur Mack-les as a rebuttal witness. Finding no merit to this assignment, and finding no errors upon the inspection of the pleadings and proceedings, we affirm defendant’s conviction and sentence.
Testimony presented at trial reveals the following factual situation:
On October 18, 1984, Pam Lopez called Vernon Maekles, Jr., her former boyfriend, and asked him to come to the Lakefront where a class of St. Bernard High School students were celebrating their “ring day.” At the Lakefront, Pam asked Vernon to hold her car keys. Later in the afternoon, she sent Bradley LaBrosse, Jr., a St. Bernard student, to retrieve the keys from Vernon.
According to Vernon’s testimony, he was lying down on his side when Bradley came over and punched him. Vernon got up and punched Bradley back. Vernon then left the Lakefront with his brother, Randy, and Bradley left with Pam in her car. As they were leaving, Bradley yelled to Vernon that the fight was not over yet and asked Vernon to follow him to Bradley’s home to finish the fight. Randy and Vernon then went to the LaBrosse residence in Mer-eaux, Louisiana and began fighting with Bradley. The two Maekles brothers then left and went home.
Later in the afternoon, Bradley La-Brosse, Jr. and his cousin Craig LaBrosse went to the Maekles home in Poydras, Louisiana and continued to fight with Vernon. Bradley, Jr. and Craig left when Vernon’s uncles, Manuel and MacArthur Maekles, broke up the fight.
A few hours later, Bradley, Jr. and Craig returned to the Maekles’ house with Bradley LaBrosse, Sr. A fight ensued between the LaBrosse group and Manuel and MacArthur Maekles. Manuel Maekles told Bradley LaBrosse, Sr. that he was setting a poor example for his son. This comment angered Bradley, Sr. and he punched Manuel, causing him to fall down and the two began to fight.
Bradley, Jr., who had been observing the fight between his father and Manuel Mack-les, got a baseball bat and hit Manuel in the face with it, causing severe injuries.
The defense asserted that once Bradley, Sr. knocked Manuel down, MacArthur Maekles, Manuel’s brother, went into his garage and returned with a pipe. The defense contends that Bradley, Jr. hit Manuel with the bat because he feared that MacArthur Maekles would hit his father with the pipe.
On appeal, defendant argues that the trial court erred in allowing MacArthur Maekles to testify for the State as a rebuttal witness. Although he was a witness to the crime, MacArthur did not testify during the State’s case-in-chief. Defendant contends that it was error for the court to allow the State to withhold MacArthur’s testimony until rebuttal, as he was a material witness to the crime. Defendant contends that through the testimony of Mac *588 Arthur, the State was able to both reiterate its entire case and introduce new evidence which the defense did not have the opportunity to contradict, all of which constituted prejudicial error.
“Rebutting evidence” is that which is offered to explain, repel, counter or disprove facts given in evidence by the adverse party. State v. Williams, 445 So.2d 1171 (La.1984). A determination of what constitutes rebuttal evidence is addressed to the sound discretion of the trial court, and will not be disturbed, except in extreme cases, as where evidence has been kept back deliberately and for the purpose of deceiving and obtaining undue advantage of defendant. Williams, supra.
In the instant case, several members of the Mackles family as well as some of their neighbors witnessed the altercation herein. At trial, the State questioned each of these witnesses during its case-in-chief as to whether any of the Mackles were armed with a weapon or threatened the LaBrosses during the fight. Each responded negatively. MacArthur Mackles did not testify during the State’s case-in-chief.
During the presentation of the defense, the defense witnesses testified specifically that MacArthur Mackles was armed during the fight with a pipe with which he threatened Bradley LaBrosse, Sr. In response to this testimony, the State then called MacArthur Mackles as a rebuttal witness. The State offered, in lieu of Mackles testifying, to enter a stipulation with the defense that if Mackles testified he would deny having been armed with a pipe when the crime occurred. The defense refused to enter the stipulation, and the trial court allowed the testimony over defense objection.
Testimony given by MacArthur Mackles concerned the last altercation between these two families during which Manuel Mackles was injured. He stated that he was not armed with a pipe when Bradley LaBrosse, Jr. hit Manuel Mackles with a baseball bat. His testimony did not recapitulate the State’s entire case; rather his testimony is contained in six pages out of a trial transcript of 849 pages, and is limited to the final fight involving the LaBrosses and Manuel and himself. We find no support for defendant’s contention that the State deliberately withheld this testimony to obtain an undue advantage. Rather, we find that this testimony became relevant in response to the specific testimony by defense witnesses that MacArthur Mackles was armed with a pipe during the final altercation, and was properly admitted as rebuttal testimony.
Further, we find no prejudice to defendant as a result of the introduction of new evidence by this witness. The only new facts asserted during his testimony are that MacArthur Mackles was struck by an unknown person during this altercation and that he feared for his disabled brother who was present during the fight. These facts do not tend to show that defendant intentionally injured Manuel Mackles, and although defendant was not given the opportunity to contradict these facts, we find that defendant suffered no prejudice as a result of this testimony.
We conclude that the trial court did not abuse its discretion in allowing MacArthur Mackles to testify as a rebuttal witness. This assignment is without merit. Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED